TURBIN CHU HEIDT, A Law Corporation
RICHARD TURBIN           (1044)
RAI SAINT CHU            (1133)
JANICE D. HEIDT          (8984)
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2730
Honolulu, Hawaii  96813

BOSTWICK & PETERSON LLP
JAMES S. BOSTWICK        (2889)
591 Redwood Highway, Suite 2350
Mill Valley, CA 94941

Attorneys for Plaintiffs
CAROLYN GALBREATH, Individually
and as Next Friend for LG, a minor, and
SEAN GALBREATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROLYN GALBREATH, Individually and as Next Friend for LG, a minor, and SEAN GALBREATH, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA and DOE DEFENDANTS 1-100; <br><br> Defendants. | ) CIVIL NO. _____ <br> ) (Medical Malpractice) <br> ) <br> ) <br> ) <br> ) COMPLAINT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

Plaintiffs CAROLYN GALBREATH, Individually and as Next Friend for LG, a minor, and SEAN GALBREATH, by and through their attorneys, TURBIN CHU HEIDT, ALC, and BOSTWICK & PETERSON LLP, hereby allege and aver the following claims against Defendant UNITED STATES OF AMERICA and DOE DEFENDANTS 1-100:

## NATURE OF THE CASE

1.  This is an action to recover damages sustained and suffered by Plaintiffs due to injuries suffered by Plaintiff LG, a minor, during his birth as a result of negligent medical care at Tripler Army Medical Center, on the island of Oahu, State of Hawaii, which is a United States Military Hospital, falling under the Federal Tort Claims Act.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b) and §§2671 - 2680.

3.  The District of Hawai`i is the appropriate venue for this action as Plaintiff LG, a minor, was injured in the State of Hawaii and all Plaintiffs currently reside in the State of Hawaii.

4.  Pursuant to 28 U.S.C. § 2675(a), the claims set forth herein were delivered on January 10, 2020 to the Public Health Service Claims Office,

Department of Health and Human Services, 330 Independence Avenue, S.W., Rm. 4760, Washington, DC 20201, and six months have passed since providing notice of the claim.

## PARTIES

5.  At all times material to this Complaint, Plaintiffs CAROLYN GALBREATH, Individually and as Next Friend of LG, a minor, and SEAN GALBREATH were residents of the City and County of Honolulu, State of Hawaii.

6.  Plaintiff CAROLYN GALBREATH is the natural and legal mother of Plaintiff LG, a minor, and Plaintiff SEAN GALBREATH is the natural and legal father of Plaintiff LG, a minor.

7.  At all times relevant to this Complaint, Tripler Army Medical Center, in the City and County of Honolulu, State of Hawaii was a United States Military Hospital falling under the Federal Tort Claims Act.  As such, all medical malpractice claims against the doctors and nurses employed at Tripler Army Medical Center must be brought against the Defendant UNITED STATES OF AMERICA.

8.  Prior to filing this Complaint, Plaintiffs and/or their counsel made a diligent search in order to ascertain the existence, full names, and identities of all persons or entities that may be legally responsible for the Plaintiffs' injuries and

damages but have no knowledge or information regarding the true names of defendants in this action designated as Doe Defendants 1 - 100.  Said Defendants are persons, health care providers, corporations, partnerships, governmental bodies, political subdivisions and/or their agents, and/or other entities of whatever kind, and are sued herein under these fictitious names as their true names and identities are unknown to the Plaintiffs, except that they may be connected in some manner with the named Defendant or may be connected to agents, servants, employees, employers, representatives, joint venturers, associates and/or independent contractors of the named Defendant or are independent of the named Defendant and were engaged in activities or negligent conduct alleged herein or in some other manner unknown to Plaintiffs.

    9.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOE DEFENDANTS 1 - 100, are unknown to Plaintiffs who therefore sue said defendants by such fictitious names and will ask leave of Court to amend this Complaint when the true names and capacities have been ascertained.  Plaintiffs and/or their Counsel are informed and believe, and thereon allege on such information and belief, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, either as physicians, surgeons, anesthetists, nurses, other medical practitioners, pharmacists, hospitals or hospital attendants, ambulance companies or attendants,

or manufacturers, suppliers, sellers, or distributors or otherwise, and said defendants negligently acted or failed to act in one or more of said occupations or businesses, which negligence proximately caused Plaintiffs' injuries and damages as alleged herein.  Plaintiffs are uncertain as to the manner or function of said defendants, whether as physicians, surgeons, anesthetists, nurses, other medical practitioners, pharmacists, hospitals or hospital attendants, ambulance companies or attendants, or manufacturers, suppliers, sellers, or distributors, or otherwise, and Plaintiffs pray leave to amend this Complaint to insert therein the true names, capacities, functions, occupations and businesses of said defendants when the same are ascertained.

10.   Plaintiffs and/or their Counsel are informed and believe, and upon such information and belief allege, that at the times and places mentioned herein Doe Defendants were the agents, servants, and employees of the remaining defendants, and each of them, and each of them was at all times and places mentioned herein acting within the purpose and scope of said agency, service, and employment.

11.   At all times relevant herein, the physicians, nurses, and other personnel who treated and cared for Plaintiff CAROLYN GALBREATH and Plaintiff LG were the employees, agents and servants of the Tripler Army Medical Center and were acting within the course and scope of their employment, agency

and service with Tripler Army Medical Center; and therefore, Tripler Army Medical Center is liable for the tortious conduct of the physicians, nurses, and other personnel who treated and cared for Plaintiffs CAROLYN GALBREATH and LG, a minor, as set forth in this Complaint, under the doctrine of respondeat superior and/or agency principles.

12. Defendant USA is liable for any and all of the Plaintiffs' damages arising from the negligent acts, omissions and/or conduct of the physicians, health care providers, nurses, practitioners, and others in the employ or otherwise acting as the agents and/or servants of Tripler Army Medical Center under the Federal Tort Claims Act.

## COUNT I - MEDICAL NEGLIGENCE

13. Plaintiffs incorporate by reference paragraphs 1 through 12, above, as though fully set forth herein.

14. At all times material to this Complaint, Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, were under a legal duty to possess and apply the knowledge and to use the skill and care that is ordinarily possessed by reasonably well-qualified and well-trained health care providers, health care professionals, nurses, and physicians in the State of Hawai'i.

15. From on or about June 2017, and for some time prior thereto and thereafter, Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH consulted with the medical staff at Tripler Army Medical Center, for the purpose of obtaining diagnosis, care, and treatment in connection with Plaintiff CAROLYN GALBREATH's pregnancy, labor and delivery, prenatal care and postnatal care of Plaintiff LG, a minor, including, but not limited to, his birth.  Defendant's employees and other medical professionals at Tripler Army Medical Center, and each of them, undertook, individually and by and through their agents, servants, and employees, to examine, diagnose, treat, prescribe for and care for Plaintiffs CAROLYN GALBREATH and LG, including, but not limited to, examining, diagnosing, providing to, and prescribing for and administering drugs and medications and performing certain diagnostic tests, and said defendants, and each of them, did examine, treat, prescribe and care for them by means of various procedures, including, but not limited to, physical examinations, fetal monitoring, birth, and the administration of certain drugs and medications.

16. At all times and places mentioned herein, defendants, and each of them, carelessly and negligently instructed, examined, diagnosed, prescribed for, and cared for and treated Plaintiff LG, for his medical conditions, including but not limited to his birth, and defendants, and each of them, provided hospital, medical, nursing, laboratory, x-ray, care and services, manufacturing, and pharmaceutical

services in a careless and negligent manner all of which, among other things, directly and proximately resulted in certain permanent injury and disability and damages to said Plaintiffs, including but not limited to, brain damage, all to Plaintiffs general and special damage.

17. On February 16, 2018 at approximately 7:00 p.m. Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH arrived at Tripler Army Medical Center labor and delivery department with Plaintiff CAROLYN GALBREATH experiencing painful contractions and elevated blood pressure. At that time Plaintiff CAROLYN GALBREATH was 38 weeks pregnant and in active labor with Plaintiff LG, her unborn child at that time.

18. From 7:00 p.m. on February 16, 2018 to 6:00 a.m. February 17, 2018, Plaintiff LG's fetal heart rate would occasionally drop, as noted in the fetal heart monitor strips, but would come back to a normal reading. At approximately 6:00 a.m. on February 17, 2018 Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH were told by the medical staff at TAMC that if Plaintiff LG's heart rate dropped again they would perform a caesarian section for his delivery, to which Plaintiff CAROLYN GALBREATH suggested that they proceed with the C-section delivery immediately.

19. As 7:00 a.m. on February 17, 2018 approached, Plaintiff LG was experiencing more frequent abnormal heart rate episodes, but the medical

professionals assisting in Plaintiff LG's birth notified Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH that their shift was ending at 7:00 a.m. and the next shift of medical professional would perform the C-section delivery of Plaintiff LG.

20. When the next shift of medical professionals took over the care of Plaintiffs CAROLYN GALBREATH and LG at 7:00 a.m. on February 17, 2018, they did not immediately perform a C-section delivery for Plaintiff LG.

21. From 7:00 a.m. to 7:30 a.m. on February 17, 2018 the fetal heart monitor strips show that Plaintiff LG was developing a more concerning heart rate, and by 7:30 a.m. there was a persistent pattern of abnormal heart rate. The fetal heart monitor showed that by 7:30 a.m. Plaintiff LG was in distress and required immediate C-section delivery to prevent a hypoxic brain injury.

22. It was not until 8:33 a.m. on February 17, 2018 that the medical professionals at TAMC made the decision to perform the C-section, and Plaintiff LG was subsequently delivered via C-Section at 8:44 a.m.

23. At all times from 7:00 p.m. on February 16, 2018 through the time of Plaintiff LG's birth on February 17, 2018, Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH advised the medical staff at TAMC that they had no objection to a C-section delivery for Plaintiff LG, and in fact were asking for the C-section delivery to be performed.

24. When Plaintiff LG was born he was blue and unresponsive, with an APGAR score of 1.

25. Since his birth, Plaintiff LG has undergone numerous surgeries and medical procedures to limit the amount of brain damage caused by his delayed delivery, including but not limited to, two brain surgeries. Plaintiff LG suffered permanent brain damage due to lack of oxygen during his delivery.

26. From 7:00 p.m. on February 16, 2018 through the time of Plaintiff LG's birth on February 17, 2018, the medical professionals at TAMC negligently failed to properly assess Plaintiff LG's condition as documented on the fetal heart monitor, negligently delayed his C-Section birth, negligently failed to inform the new shift change at 7:00 a.m. that Plaintiff LG required an immediate C-Section, and negligently failed to properly diagnose and treat Plaintiff's fetal distress, thereby causing Plaintiff LG to suffer a lack of oxygen prior to delivery which resulted in significant brain damage.

27. As a direct and proximate result of the negligent, careless, and/or reckless acts, omissions, and conduct of defendants, and each of them, Plaintiff LG suffered severe pain, severe permanent brain damage, and severe physical impairment, causing significant damages as herein set forth.

28. As a direct and proximate result of the negligent, careless, and/or reckless acts, omissions, and conduct of defendants, and each of them, Plaintiffs suffered significant general and special damages as herein set forth.

## COUNT II – NEGLIGENT FAILURE TO PROVIDE INFORMED CONSENT

29. Plaintiff incorporates by reference paragraphs 1 through 28, above, as though fully set forth herein.

30. Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, had a duty to obtain the informed consent of Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH as to the risk and benefits of any treatment to be provided or available which was not provided.

31. Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, breached their duty by negligently failing to fully inform Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH and/or to obtain their informed consent.

32. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiffs CAROLYN GALBREATH, SEAN GALBREATH, and

LG suffered the damages set forth herein. The negligent actions and omissions were a substantial factor in bringing about Plaintiffs' harms and damages and Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH, acting rationally and reasonably, would have undergone the required C-Section delivery, which was not provided to or offered to them by Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, had they been properly informed of the risk of the harms, injuries, and damages that in fact occurred.

### COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33.   Plaintiffs incorporates by reference paragraphs 1 through 32, above, as though fully set forth herein.

34.   As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiffs CAROLYN GALBREATH, SEAN GALBREATH and LG suffered significant mental pain and emotional anguish during the birth of LG, and will continue to suffer significant mental pain and emotional anguish during the course of their lives, and other injuries and damages in an amount to be determined at trial.

35. Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH were present at all times during Plaintiff LG's birth and sustained serious and permanent injuries as a result of the negligent medical treatment provided by the Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them. Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH contemporaneously observed the alleged medical malpractice of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and the resulting injuries and damages to Plaintiff LG.

36. As a direct, proximate and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH both suffered significant mental pain and emotional anguish of watching their beloved child suffer tremendous pain and suffering, fears of his impending death, fears of Plaintiff LG not recovering, and other injuries and damaged in an amount to be determined at trial.

37. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and

each of them, Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH sustained great emotional disturbance and shock and injury to their nervous systems, all of which have caused, continue to cause, and will cause in the future, great physical harm and mental pain and suffering, all to their general and special damage in an amount to be determined at trial.

38. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH were prevented from attending their respective, usual activities and occupations, and Plaintiffs are informed and believe, and upon such information and belief allege, that they will be prevented from attending to their respective, usual, and anticipated activities and occupations in the future, all to Plaintiffs' damage as herein set forth.

**COUNT V - NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION**

39. Plaintiffs incorporate by reference paragraphs 1 through 38, above, as though fully set forth herein.

40. At all times material to this Complaint, Defendants had a duty to staff Tripler Army Medical Center (TAMC) with reasonably competent, educated,

trained, and experienced employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and to prevent its employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, who were not reasonably competent to treat or attempt to treat patients from treating said patients. Defendant had a duty to adequately supervise its employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians who were employed at TAMC.

41. Defendant breached its duties by negligently employing employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians not competent by way of training, education, and/or experience to treat and monitor patients and by thereafter failing to adequately supervise them.

42. Defendant's negligent hiring, assignment, retention, training, and/or supervision of its employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, was the direct, proximate, and legal cause of the Plaintiffs' injuries and damages as set forth herein.

## DAMAGES

43. Plaintiffs incorporate by reference paragraphs 1 through 42, above, as though fully set forth herein.

44. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or

servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiff LG suffered numerous injuries and damages, including but not limited to, severe permanent hypoxic brain injury, strokes, and cerebral palsy.

45. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiff LG suffered and will continue to suffer in the future, pain, suffering, fear of death, emotional distress and loss of enjoyment of life.

46. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH sustained great emotional distress, loss of enjoyment in life, and shock and injury to their nervous systems, all of which have caused, continue to cause, and will cause in the future, great physical harm and mental pain and suffering, all to their general and special damage in an amount to be determined at trial.

47. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiffs CAROLYN GALBREATH, SEAN GALBREATH, and

LG incurred, and will continue to incur in the future, medical expenses for services of hospitals, doctors, and other medical and rehabilitative care and treatment in an amount to be determined at trial.

48. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH were required to take time off work, and will continue to take time off work in the future, resulting in substantial wage loss and earnings loss in an amount to be determined at trial.

49. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiff LG's physical and mental deficits will result in substantial wage loss and earnings loss throughout his lifetime in an amount to be determined at trial.

50. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiff LG's physical and mental deficits will require up to 24 hour

a day medical care, monitoring and/or assistance throughout his lifetime in an amount to be determined at trial.

51. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiffs CAROLYN GALBREATH and SEAN GALBREATH lost the love, affection, security, companionship, comfort, consortium and support of their child, Plaintiff LG, and they are entitled to compensation for said losses in an amount to be determined at trial.

52. As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiffs CAROLYN GALBREATH, SEAN GALBREATH, and LG incurred other general and special damages, both past and future, in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as hereinafter set forth:

1. For general damages in amounts to be proven at trial;
2. For special damages in amounts to be proven at trial;
3. For costs of suit and expenses of litigation;

4. Pre-judgment interest from February 17, 2018;

5. Post-judgment interest; and

6. For such other and further relief as this Court deems just and proper.


DATED: Honolulu, Hawaii   __August 28, 2020_____.

                                _/s/ Janice D. Heidt_____
                                Richard Turbin
                                James Bostwick
                                Janice D. Heidt
                                Attorneys for Plaintiffs